IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. _____ |
| JOANNE J. CRAIG, BARBARA PARR-LOPEZ, and SNYDER'S MEMORIAL GARDENS, INC., | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, The Prudential Insurance Company of America ("Prudential"), for its Complaint alleges as follows:

### PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the States of Florida and Tennessee.

2. Upon information and belief, John E. Parr (the "Insured") was a resident of Rogersville, Tennessee.

3. Upon information and belief, the Insured's ex-wife, Joanne J. Craig, formerly Joanne J. Parr, ("Joanne Craig") has a mailing address of 2657 Lenox Road, #100, Atlanta, GA 30324.

4. Upon information and belief, the Insured's daughter, Barbara Parr-Lopez, has a mailing address of 1351 SE Buckingham Terrace, Port St. Lucie, FL 34952-4101.

5. Upon information and belief, Snyder's Memorial Gardens, Inc. is a Tennessee corporation and funeral home business with a registered agent designated as Farrell Lee Snyder, 5913 Kingsport Highway., P.O. Box 8561, Gray, TN 37615.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S. C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New Jersey citizen for diversity purposes, and upon information and belief, the defendants are citizens of Georgia, Florida, and Tennessee.

7. This Court also has jurisdiction under 28 U.S.C. § 1335, in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967).

8. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) in that a substantial portion of the events giving rise to the claims asserted herein occurred in this District.

9. Venue is also proper in this district pursuant to 28 U.S.C. § 1397 because one or more of the claimants reside in this judicial district

## CAUSE OF ACTION IN INTERPLEADER

10. On or about January 1, 2003, while the Insured was a resident of Florida, Prudential issued Individual Life Insurance Policy Number B5102639, on the life of the Insured (the "Policy").

11. By Request to Change Beneficiary form dated July 25, 2008, the Insured designated his then-wife, Joanne Parr (now Joanne Craig), as the sole primary beneficiary of the

Policy. A true and correct copy of the July 25, 2008 Request to Change Beneficiary form is attached hereto as **Exhibit A**.

12. Upon information and belief, the Insured and Joanne Craig were divorced by Judgment entered on August 9, 2010. A true and correct copy of the Divorce Judgment is attached hereto as **Exhibit B**.

13. Upon information and belief, by Request to Change Beneficiary form dated June 29, 2010, the Insured designated his daughter, Barbara Parr-Lopez, as the sole Primary Beneficiary of the Policy. A true and correct copy of the Request to Change Beneficiary form dated June 29, 2010 is attached hereto as **Exhibit C**.

14. Upon information and belief, the Insured died on or about August 28, 2010 as a result of end stage liver disease and other ailments. A true and correct copy of the Death Certificate of the Insured is attached hereto as **Exhibit D**.

15. As a result of the death of the Insured, Policy death benefits in the amount of $95,300.81 became due and payable to a beneficiary or beneficiaries (the "Death Benefit") and liability is conceded to that effect.

16. By faxed letter dated August 26, 2010, Joanne Craig made a claim for the Death Benefit and requested a "restriction" on the Policy based on the alleged applicability of the Notice of Termination, which purportedly prevented the Insured from changing the beneficiary of the Policy prior to August 10, 2010. A true and correct copy of the August 26, 2010 letter is attached hereto as **Exhibit E**.

17. By Insurance Assignment form dated August 30, 2010, Barbara Parr-Lopez assigned $1,603.13 of the Death Benefit to Snyder's Memorial Gardens. A true and correct copy of the Insurance Assignment form dated August 30, 2010 is attached hereto as **Exhibit F**.

18. By Life Insurance Death Benefits Claim Form dated August 30, 2010, Barbara Parr-Lopez made a claim to the Death Benefit. A true and correct copy of the Life Insurance Death Benefits Claim Form dated August 30, 2010 is attached hereto as **Exhibit G**.

19. There have been no other claims for the Death Benefit. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, Prudential is or may be exposed to multiple liability.

20. Prudential is ready, willing and able to pay the Death Benefit, plus claim interest, if any, payable in accordance with the terms of the Policy to whomever this Court shall designate.

21. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit payable and respectfully requests that this Court determine to whom said benefits should be paid.

22. Prudential accordingly will deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

23. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants. Prudential brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint and litigate their claims between themselves for the Death Benefit;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy and/or the Death Benefit;

(c)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d)     permitting Prudential to deposit the amount of the Death Benefit, plus claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e)     discharging Prudential from any and all further liability to Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f)     awarding Prudential its attorneys' fees and costs in their entirety; and

(g)     awarding Prudential any other and further relief that this Court deems just and proper.

Respectfully submitted,

MILLER & MARTIN PLLC

s/ David L. Johnson
David L. Johnson (#18732)
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219-2433
Telephone: (615) 244-9270
dljohnson@millermartin.com

*Counsel for Plaintiff The Prudential Insurance Company of America*